IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Robert Jensen, et al.,          Case No. 3:07 CV 3480

        Plaintiffs,      MEMORANDUM OPINION
                             AND ORDER
   -vs-
                             JUDGE JACK ZOUHARY
Clint Jackson, et al.,

        Defendants.

## INTRODUCTION

This matter is before the Court on Defendant UAW Local 913's Motion for Summary Judgment (Doc. No. 25). Plaintiff[1] Robert Jensen has opposed (Doc. No. 32) and Defendant has filed a Reply (Doc. No. 39). For the reasons stated below, the Motion is granted.

## BACKGROUND

This case arises out of an October 4, 2006 altercation between two Union employees. Plaintiff Robert Jensen claims he was confronted while at work in the Delphi plant by co-worker Defendant Clint Jackson when Plaintiff interceded in an argument between co-workers Tony Mann and Steven McDonald. Plaintiff alleges he was assaulted by Jackson, who was also privy to the argument between Mann and McDonald, when Plaintiff intervened on Mann's behalf. Jensen further alleges injuries from this assault resulted in his filing a claim with the Bureau of Workers' Compensation.

---

[1] Robert Jensen's wife Lani Jensen is also a plaintiff in this matter. Her loss-of-consortium claim is dependent upon the success of Robert's claim. As such, "Plaintiff" will refer to Robert throughout this Opinion.

In his Complaint, Jensen claims the Union should have been aware of Jackson's propensity to violence and should not have allowed Jackson to continue working (Complaint ¶¶ 6 & 14); and the Union failed to assist Plaintiff with his workers' compensation claim and the payment of his health club membership (Amended Complaint ¶¶ 7 & 8).

During a status phone conference, Plaintiff's counsel conceded that the focus of his Opposition to Defendant's Motion for Summary Judgment is the failure of the Union to timely represent Jensen and handle his grievance, or more specifically, the failure of the Union to help him collect workers' compensation benefits. Plaintiff offers no evidence the Union was aware of any danger of violence from Jackson, and Plaintiff's brief in opposition is silent on that issue. If an opposing party does not respond to an issue presented in a motion for summary judgment, summary judgment may be entered against that party on that issue. Fed. R. Civ. P. 56(e)(2); *see also Miller v. Lorain County Bd. of Elections*, 141 F.3d 252, 256 (6th Cir. 1998) ("An opponent to a motion for summary judgment may not rest upon the mere allegations or denials of his pleadings, but must set forth through competent and material evidence specific facts showing that there is a genuine issue for trial."). Thus, Plaintiff concedes summary judgment to the Union regarding its liability for Jackson's intentional tort.

## DISCUSSION

The Union argues it did not breach its duty of representation and, further, any such claim is barred by the statute of limitations;[2] Jensen failed to exhaust his internal remedies before filing this suit; and finally, in any event, Jensen failed to show a breach of the collective bargaining agreement.

---

[2] The Court chooses not to address the issue of whether the claim is time-barred because the Court is dismissing the case on the merits.

For there to be a breach of the duty of fair representation, the Union must be the exclusive representative of the employee, and the claim must be based on the collective bargaining agreement. *Vaca v. Sipes*, 386 U.S. 171, 185 (1967); *Freeman v. Local Union No. 135*, 746 F.2d 1316, 1320-21 (6th Cir. 1984); *Hawkins v. Babcock & Wilcox Co.*, No. C80-1095A, 1980 WL 2190, at *2 (N.D. Ohio Oct. 21, 1980). Plaintiff argues the Union failed to give him advice about workers' compensation and his pension. On these matters, there is no dispute he could deal directly with Delphi (Majoy Aff. ¶¶ 2 & 4). Because the Union was not his exclusive agent, there can be no breach of duty of fair representation.[3]

Moreover, Plaintiff fails to show a violation of the collective bargaining agreement by Delphi, and therefore there can be no breach of duty by the Union. *Dushaw v. Roadway Express, Inc.*, 66 F.3d 129, 132 (6th Cir. 1995) ("In order to recover from either the Union or [the Company], [Plaintiff] must prove both breach of the collective bargaining agreement by [the Company] and breach of the duty of fair representation by the Union.") (*citing Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 585 (6th Cir. 1994)). In fact, Jensen not only fails to allege any breach of contract by Delphi against him, but also fails to raise a disputed issue of material fact on that point.

Furthermore, exhaustion of internal union remedies is generally a prerequisite to filing suit against a union for breach of the duty of fair representation. *Clayton v. UAW*, 451 U.S. 679, 689 (1981); *LaPerriere v. UAW*, 348 F.3d 127, 131 (6th Cir. 2003). Courts have discretion to excuse the exhaustion requirement if pursuing internal remedies would be futile; however, a plaintiff claiming futility must present facts supporting that claim. *Clayton*, 451 U.S. at 689; *see also Willetts v. Ford*

---

[3] The Court also notes that Jensen eventually did receive workers' compensation benefits (Jensen Dep., pp. 41-42, 52). His apparent dissatisfaction with the amount and the percentage paid to his lawyer are not sustainable allegations against his Union.

*Motor Co.*, 583 F.2d 852, 855-56 (6th Cir. 1978). In the instant matter, Plaintiff took no steps to challenge the conduct of the Union and, again, the Record is uncontradicted that he filed no internal Union appeals (Curson Aff. ¶ 11; Klein Aff. ¶ 12). Nor has Plaintiff presented any evidence that exhaustion of internal remedies would be futile in this instance. Thus, summary judgment is also appropriate in light of Plaintiff's failure to exhaust the available internal Union remedies.

Finally, Plaintiff's Opposition claims the Union failed to assist him in recovering fees paid by Jensen toward a health club membership and that such reimbursement was part of the collective bargaining agreement. In fact, Jensen admits the Union did file a grievance on this issue (Jensen Dep., p. 44). However, the grievance was unsuccessful because the Union contract only required reimbursement for membership and not for extra classes (Preston Aff. ¶ 2).

## CONCLUSION

For each of the above reasons, the Court finds Defendant's Motion well taken and grants the Motion.

IT IS SO ORDERED.

                                           s/ *Jack Zouhary*
                                           JACK ZOUHARY
                                           U. S. DISTRICT JUDGE

                                           February 5, 2009